## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN CLINGER and MONICA BARBA, on behalf of themselves and all other similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, a Delaware Limited Liability Company,<br><br>                    Defendant. | Case No. 3:21-cv-01040 (JAM)<br><br>Hon. Judge Jeffrey A. Meyer |
| LUIS CHABLA and JESSICA BARTON, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, and SUN PHARMACEUTICALS, LLC,<br><br>                    Defendants. | Case No. 3:21-cv-01579 (JAM)<br><br>Hon. Jeffrey A. Meyer |
| LISA ZAYAS, CATALINA OCAMPO, DEBORAH JEAN, and SEBE ALGOFI, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE COMPANY, EDGEWELL PERSONAL BRANDS, LLC, and EDGEWELL PERSONAL CARE, LLC,<br><br>                    Defendants. | Case No. 3:21-cv-01596 (JAM)<br><br>Hon. Jeffrey A. Meyer<br><br><br><br>DATED: January 27, 2022 |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR CONSOLIDATION
## AND APPOINTMENT OF INTERIM CO-LEAD AND  LIAISON COUNSEL

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.     INTRODUCTION ..................................................................................................... 1

II.    LAW AND ARGUMENT ........................................................................................ 2

     A.    Plaintiffs' Motion to Consolidate Should be Granted ...................................... 2

          1.    Common Issues of Law and Fact Outweigh the Risk of Confusion ......... 3

          2.    Judicial Economy Favors Consolidation .................................................. 5

          3.    Consolidating the Related Cases Now Would Not Be Premature ............. 9

     B.    Appointment of Interim Co-Lead Counsel is Not Premature Since the
        Cases Should Be Consolidated. ..................................................................... 10

III.   CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**            ***Page***

*Almonte v. Coca-Cola Bottling Co. of N.Y.*,
   No. 95-1458, 1996 WL 768158 (D. Conn. Dec. 12, 1996) ................................................6

*Cooper v. City of Tucson*,
   No. 12-208, 2015 WL 1522198 (D. Ariz. April 2, 2015) ...................................................9

*David Osher v. JNI Corp.,*
   No. 01-557, 2001 WL 36176415 (S.D. Cal. July 10, 2001) ...............................................8

*Evans v. Int'l Paper Co.*,
   No. 11-0214, 2011 WL 2559791 (W.D. La. June 28, 2011) ............................................10

*Gorbaty v. Wells Fargo Bank, N.A.*,
   No. 10-3291, 2010 WL 3034145 (E.D.N.Y. July 27, 2010)................................................7

*In re Facebook, Inc., IPO Securities and Deriv. Litig.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ......................................................................................5, 7

*In re Frontier Comms. Corp. Deriv. Litig.*,
   No. 17-1792, 2018 WL 3553332 (D. Conn. July 23, 2018) ...............................................4

*Jacobs v. Castillo,*
   612 F. Supp. 2d 369 (S.D.N.Y. 2009).............................................................................7, 8

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990).....................................................................................4, 5, 6

*KGK Jewelry LLC v. ESDNetwork*,
   No. 11-9236, 2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) .............................................6

*Makah Indian Tribe v. Verity*,
   No. 87-747, 1988 WL 144145 (W.D. Wash. May 12, 1988) .............................................9

*Merholz v. McMahon*,
   No. 3:20-cv-557-VAB (Dist. Conn.) .................................................................................9

*Olsen v. Pratt & Whitney Aircraft, a Div. of United Techs. Corp.*,
   136 F.3d 273 (2d Cir. 1998).............................................................................................4

*Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*,
   No. 17-558, 2020 WL 1181366 (D. Conn. Mar. 10, 2020) ...............................................3

*Osman v. Weyker*,
  No. 16-908, 2016 WL 10402791 (D. Minn. Nov. 21, 2016) ............................................10

*Primavera Familienstiftung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997) ........................................................................................8

*Reid v. Nassau Cty. Sheriff's Dep't*,
  No. 13-2604, 2014 WL 5471014 (E.D.N.Y. Oct. 22, 2014)..............................................7

*Schoers v. Pfizer, Inc.*,
  No. 00-6121, 2001 WL 64742 (S.D.N.Y. Jan. 24, 2001) ..................................................8

*Simon v. Philip Morris*,
  124 F. Supp. 2d 46 (E.D.NY. 2000) ..................................................................................5

*Smart v. Sony Corp.*,
  No. 08-2276, 2009 WL 10671545 (S.D. Cal. July 30, 2009) ............................................7

*United States v. Garrity*,
  No. 15-243, 2018 WL 8263922 (D. Conn. May 1, 2018)..................................................6

*Vickers v. Green Tree Servicing, LLC.*,
  No. 15-1252, 2015 WL 7776880 (D. Kan. Dec. 2, 2015) ............................................9, 10

**Statutes, Rules, and Regulations**

28 U.S.C. § 1983.................................................................................................................10

Fed. R. Civ. P. 9...................................................................................................................4

Fed. R. Civ. P. 15.............................................................................................................8, 9

Fed. R. Civ. P. 23...............................................................................................................10

Fed. R. Civ. P. 42.........................................................................................................*passim*

Plaintiffs Bryan Clinger, Monica Barba, Luis Chabla, Jessica Barton, Lisa Zayas, Catalina Ocampo, Deborah Jean, and Sebe Algofi ("Plaintiffs") respectfully submit this memorandum in support of their Motion for Consolidation and Appointment of Interim Co-Lead and Liaison Counsel, ECF Nos. 55 (*Clinger*), 21 (*Chabla*), and 29 (*Zayas*) ("Pl. Mot."), and further reply to those arguments presented by Defendants in their opposition to same, ECF Nos. 66 (*Clinger*), 33 (*Chabla*), and 39 (*Zayas*) ("Def. Opp.").

## I.    INTRODUCTION

As explained in greater detail below, consolidation is warranted, beneficial, and timely. On the first point, the Related Actions plainly "involve a common question of law or fact," easily satisfying the Rule 42(a) threshold. The similarities between the cases far outweigh the differences, and Defendants' patronizing suggestion that this Court will suffer a "likelihood of confusion" due to oft encountered variations in state consumer laws is unwarranted. Def. Opp. at 9.

Moreover, the benefits to consolidation are obvious. While Defendants may entertain a willingness to litigate three cases, file thrice the motions, fight discovery disputes on three fronts, triple the number of depositions, and submit to three jury trials, they pay little heed to the needless and significant extra burden this undeniably places on this Court. Rather, Defendants posit that the Court should decline to utilize Rule 42 to promote judicial economy where doing so might involve "any action that could further delay consideration of Defendant's substantive arguments." *Id.* at 3. While Defendants' concerns are understandably focused inward, this is not the focus of Rule 42.

That aside, even if Defendants' desires were Rule 42's paramount consideration (they are not), Defendants have not articulated how consolidation might result in any meaningful delay, much less prejudice. Given the substantively identical extent to which these cases have progressed, consolidation is all the more appropriate, a point underscored by Defendants' own caselaw. For

similar reasons, there is also no support for Defendants' curious alternative argument that this Court—to avoid delay—should delay consolidation. Rather, the ends of Rule 42 are best served by consolidation at this stage.

Unable to provide a compelling analysis of Rule 42's factors, Defendants attack a straw man, casting thinly veiled aspersions as to the 'true motivations' behind Plaintiffs and their counsel, suggesting that the instant motion (and even the filing of an amended complaint) are part of an effort to delay consideration of Defendants' jurisdictional arguments. This argument is not only irrelevant but completely meritless. Cases were filed, legal positions were staked out, and complaints were amended (in part due to Defendants' introduction of extrinsic evidence). Various plaintiffs' counsel became aware of other cases, and chose cooperation over infighting. This is not an "evasive litigation strategy" borne of fear of Defendants' motion to dismiss (Def. Opp. at 3), but the reasonable and orderly evolution of litigation which is the crux of Rule 42.

## II.     LAW AND ARGUMENT

### A.     Plaintiffs' Motion to Consolidate Should be Granted.

Consolidation is warranted under Rule 42(a) as the actions present substantially similar factual and legal issues and consolidation would further the interests of judicial economy and efficiency. The central questions common to each of the actions—e.g., whether Defendants' Banana Boat sunscreen products (the "Products") contain or may contain benzene, whether Defendants are liable for same, and/or their failure to disclose same—predominate over any differences among the claims. Moreover, the interests of judicial economy would be served by the coordination of discovery and other proceedings in a consolidated action, especially given the minimal differences in the procedural postures of the Related Actions, where no discovery has yet occurred. Defendants' concerns regarding the potential confusion, inefficiency, or prejudice of

consolidation are widely overstated, unsupported by case law, and outweighed by the factors justifying it. The Court, in its discretion, should find that consolidation is appropriate.

### 1.      Common Issues of Law and Fact Outweigh the Risk of Confusion.

Defendants readily admit the Related Actions share common issues of law and fact. Def. Opp. at 7. As they concede, Plaintiffs in *Clinger*, *Zayas*, and *Chabla* each allege they suffered an economic injury because they did not receive the benefit of their bargain when they purchased a sunscreen product that may be tainted with benzene. *Clinger* Compl. ¶¶ 1-3, 115; *Zayas* Compl. ¶¶ 1-4, 29; *Chabla* Compl. ¶¶ 10-14. They further allege Defendants uniformly failed to disclose the potential or actual presence of benzene in the Products. *Clinger* Compl. ¶ 49; *Zayas* Compl. ¶ 3; *Chabla* Compl. ¶ 2. All the Related Actions rely (at least in part) on the Valisure Citizen Petition. *Clinger Compl.* ¶¶ 27-31; *Zayas* Compl. ¶¶ 18-19; *Chabla* Compl. ¶¶ 41-45. And each asserts a cause of action for common law fraud (*Clinger* Compl. ¶¶ 133-142; *Zayas* Compl. ¶¶ 109-118; *Chabla* Compl. ¶¶ 110-117) and unjust enrichment (*Clinger* Compl. ¶¶ 164-172; *Zayas* Compl. ¶¶ 119-125; *Chabla* Compl. ¶¶ 124-130). Additionally, all Plaintiffs in the Related Actions seek to represent a nationwide class of consumers who purchased the Products anywhere in the United States. *Clinger* Compl. ¶ 119; *Zayas* Compl. ¶ 38; *Chabla* Compl. ¶ 60.

Despite these undisputed common questions, Defendants argue the actions are "markedly different," because certain causes of action are included in some, but not all, of the Related Actions. Def. Opp. at 7-8. But "separate actions need not be identical to consolidate them: rather, they must involve common questions of law and fact." *Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, No. 17-558, 2020 WL 1181366, at *5 (D. Conn. Mar. 10, 2020). Here, the differences among the Related Actions' causes of action are overwhelmed by common issues, including whether Defendants' conduct—selling a product that has tested positive for benzene and failing to

disclose same to consumers—is unlawful and whether Plaintiffs have suffered an economic injury. As Defendants note, differences in causes of action do not render consolidation inappropriate if, as here, the cases present sufficiently common questions of fact and law. *In re Frontier Comms. Corp. Deriv. Litig.*, No. 17-1792, 2018 WL 3553332, at *3-4 (D. Conn. July 23, 2018).

Defendants nevertheless claim the differences among the causes of action pose a risk of confusion due to the existence of distinct, claim-specific issues. Def. Opp. At 8. For example, Defendants caution that certain, but not all, claims are subject to the reasonable consumer standard. *Id.* But whether Defendants' omissions satisfy that standard is an issue common to all the Related Actions. *Clinger* Compl. ¶ 115 ("No reasonable consumer, including Plaintiffs, would have purchased Defendant's Product had they known the truth of the representations and omissions described herein"); *Zayas* Compl. ¶ 88 ("Defendants' unfair or deceptive acts and/or practices were likely to, and did in fact, deceive reasonable consumers"); *Chabla* Compl. ¶ 47 ("Defendants' false, misleading, and deceptive misrepresentations and omissions regarding the ingredients of the Products are likely to continue to deceive and mislead reasonable consumers"). Defendants further argue that certain, but not all, claims are subject to Fed. R. Civ. P. 9(b). However, Rule 9(b) is the pleading standard for the fraud claims in each of the Related Actions. *See, e.g., Olsen v. Pratt & Whitney Aircraft, a Div. of United Techs. Corp.*, 136 F.3d 273, 276 (2d Cir. 1998) (Rule 9(b) applies to common law fraud claims). Although there may be other elements unique to certain causes of action, including ascertainable loss and privity, "the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Defendants further argue the facts and theories set forth in the cases are too distinct to warrant consolidation. Defendants note, for example, that Plaintiffs did not purchase the same

products. Def. Opp. at 8-9. However, each of the Related Actions pertain to the entire product line—not just the specific products purchased by Plaintiffs. *See, e.g., Clinger* Compl. ¶ 1 (defining "Product" as "Defendant's 'Banana Boat' line of sunscreen products"). Although the *Zayas* and *Chabla* Complaints each provide a specific list of products at issue (compared with the *Clinger* Complaint's broad definition of "Product"), neither is exhaustive and both include the products purchased by Plaintiffs in each of the Related Actions. *Zayas* Compl. ¶ 17; *Chabla* Compl. ¶ 1. Defendants also note Plaintiffs plead only a risk of benzene's presence in *Zayas* and *Clinger*, whereas in *Chabla*, Plaintiffs squarely allege the products actually contained benzene. Def. Opp. at 9. The *Chabla* Plaintiffs however expressly allege Defendants' omissions include the "*risk* of benzene" in the alternative—which is common to the other Related Actions. *Chabla* Compl. ¶ 46 (emphasis added). In any event, this narrow distinction relates primarily to the threshold issue of subject matter jurisdiction (as Defendants acknowledge) and not to whether the cases present sufficiently common questions for purposes of consolidation.

Lastly, Defendants insist the existence of subclasses defeats a finding of common questions of law and fact, an argument unsupported by any authority. In actuality, the "[u]se of subclasses to make class actions more manageable is fair and routine." *Simon v. Philip Morris*, 124 F. Supp. 2d 46, 77 (E.D.NY. 2000) (citations omitted). The case law is clear that class differences "do not outweigh the interests of judicial economy served by consolidation." *See In re Facebook, Inc., IPO Securities and Deriv. Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012).

## 2.    Judicial Economy Favors Consolidation.

Defendants are correct that "[c]onsiderations of judicial economy are one of the fundamental bases for consolidation." Def. Opp. at 10. Courts, in fact, routinely take the "view that considerations of judicial economy favor consolidation." *Johnson*, 899 F.2d at 1284


(collecting cases). As Plaintiffs note in their original memorandum in support, consolidation will promote judicial economy by "allow[ing] for unified discovery, motion practice, and trial…while reducing costs for both parties." Pl. Mot at 4. Defendants' primary argument that considerations of judicial economy weigh against consolidation is that "the cases are in different procedural postures." Def. Opp. at 10. Defendants cite one case, *United States v. Garrity*, No. 15-243, 2018 WL 8263922, at \*2 (D. Conn. May 1, 2018), in support of this assertion.

Defendants' reliance on *Garrity* is misplaced. While the court in *Garrity* did hold that the "cases' starkly different procedural postures weigh against consolidation," the two pending actions were at vastly different stages of litigation compared to the Related Actions here. *Garrity*, 2018 WL 8263922, at \*2.[1] In *Garrity,* the court was asked to consolidate two cases, filed three years apart, one of which was one month from trial and had already concluded discovery whereas the other had only conducted minimal discovery. *Id* ("consolidating would require substantially delaying trial to allow for even minimal discovery and dispositive motions in [the second action]."). In addition, the two cases *Garrity* relies upon in support of denying consolidation also had vastly different procedural postures than those here. *KGK Jewelry LLC v. ESDNetwork*, No. 11-9236, 2014 WL 7333291 (S.D.N.Y. Dec. 24, 2014) and *Almonte v. Coca-Cola Bottling Co. of N.Y.*, No. 95-1458, 1996 WL 768158 (D. Conn. Dec. 12, 1996) both dealt with two actions filed over a year apart, in which the first filed action had already concluded discovery.

None of these cases are analogous to the procedural posture here. As Defendants fully admit, no substantial discovery has taken place and the cases were all filed within months of each other (less than six months ago). *See* Def. Opp. at 11 n. 2 ("[d]iscovery in *Clinger* was stayed by

---

[1] The *Garrity* court also held that consolidation was not appropriate because the cases involved wholly different facts. *Id.* The first action involved failure to file a Report of Foreign Bank and Financial Accounts form in 2005, while the second case involved failure to file different tax forms in various years between 1996 and 2008. *Id*. As discussed *supra* at § II(A)(1), the facts of *Clinger, Chabla, and Zayas* are highly similar, which weighs in favor of consolidation.

the district court *sua sponte* pending resolution of the motion to dismiss, *Clinger*, Dkt. No. 42, and

discovery in *Chabla* and *Zayas* has not yet begun and may be stayed as well"). Further, *Clinger*,

*Chabla*, and *Zaya*s are all still in the pleading stage.

Courts within the Second Circuit routinely consolidate actions where almost no discovery

has taken place, holding that coordinating discovery is in the interests of judicial economy. *See*

*Reid v. Nassau Cty. Sheriff's Dep't,* No. 13-2604, 2014 WL 5471014, at *2 (E.D.N.Y. Oct. 22,

2014) (consolidating eleven actions that "have not yet proceeded to discovery."); *In re Facebook*,

288 F.R.D. at 42 (consolidating actions involving "similar, if not identical, issues related to

discovery and other pretrial and trial matters" and further stating, "[a]mong other efficiencies,

consolidation of these actions will greatly streamline motion practice and discovery, facilitate

settlement discussions when appropriate and prevent inconsistent rulings on the same issues.");

*Jacobs v. Castillo,* 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("[c]onsolidation would further the

goal of 'judicial economy' because discovery in each case is likely to be identical, [and] motion

practice and trial in the two cases would most likely cover the same facts and some identical issues

of law."). Consolidation will thus allow for an efficient discovery period without risk of duplicative

productions and depositions. *See Gorbaty v. Wells Fargo Bank, N.A.,* No. 10-3291, 2010 WL

3034145, at *1 (E.D.N.Y. July 27, 2010) ("consolidating these actions will avoid duplicative

discovery and promote judicial economy.").

Defendants argue that interests of judicial economy weigh against consolidation before the

pendant motion to dismiss in *Clinger* is decided. Def. Opp. at 10. However, as discussed *infra* §

II(A)(3), this does not weigh against consolidation. Indeed, a pending motion to dismiss does not

preclude consolidation. *See Smart v. Sony Corp.*, No. 08-2276, 2009 WL 10671545, at *2 (S.D.

Cal. July 30, 2009) (consolidating cases despite pending motion to dismiss). Plaintiffs intend to

file a consolidated amended complaint, which will allow for coordinated and simplified motions practice.[2] This will save the Court and parties tremendous time and effort, as well as costs. Further, having to respond to a consolidated complaint will not prejudice Defendants as the facts and issues of law are substantially similar and thus Defendants have already prepared most of their arguments. *Id.* (given similarity of actions, "the majority of the effort required to draft any subsequent motion to dismiss has already been expended."); *see also David Osher v. JNI Corp.,* No. 01-557, 2001 WL 36176415, at *2 (S.D. Cal. July 10, 2001) ("[t]he Court appreciates the fact that Defendants have already expended time and resources to prepare and file six motions to dismiss…[yet] finds it preferable, from the standpoint of judicial economy, that it deal with a single consolidated complaint and a single motion to dismiss, thereby requiring it to issue only one order.").

As noted *supra* § II(A)(1), the Related Actions arise from the same facts and cover "some identical issues of law." *Jacobs*, 612 F. Supp. 2d at 373. Thus, contrary to Defendants' assertions, unified motion practice would not be confusing. Further, the potential for slight confusion does not outweigh judicial efficiency. *See Schoers v. Pfizer, Inc.*, No. 00-6121, 2001 WL 64742, at *1 (S.D.N.Y. Jan. 24, 2001) ("[a]ny alleged confusion does not outweigh efficiency concerns, which would clearly be met through consolidation at this early stage of litigation."); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate.").

Since the Related Actions are all in the early phases of litigation, and consolidation would allow for coordinated discovery, unified motion practice, reduced costs for the parties and reduced burden on this Court, it is in the interest of judicial economy that Plaintiffs' motion be granted.

---

[2] In the event that the Court does not grant this Motion to Consolidate, both Plaintiff Chabla and Plaintiff Zayas (and their associated co-plaintiffs in their respective cases) retain the right to amend their complaints, per Rule 15 of the Federal Rules of Civil Procedure. Such consolidation then supports judicial economy because it allows the briefing schedule to move forward at a quicker pace than would occur if these cases remain individual.

### 3.       Consolidating the Related Cases Now Would Not Be Premature.

Despite incorporating by reference large portions of its motion to dismiss the *Clinger* action (Def. Opp. at 11), thereby conceding the overwhelmingly common issues raised in all three cases, Defendants argue that consolidation now is premature before this Court decides both the *Clinger* motion *and* motions to dismiss that Defendants intend to file in the *Chabla* and *Zayas* actions on January 31. In terms of both efficiency and fairness, it makes little sense for Defendants to file two additional motions to dismiss addressing the very same questions of fact and law raised in the *Clinger* case—and with the benefit of having now seen (and replied to) Plaintiffs' January 7, 2022 opposition to Defendants' motion to dismiss *Clinger*. The more prudent approach is for the Court to allow the prompt filing of a single consolidated amended complaint and for Defendants' current Motion to Dismiss to be denied as moot, allowing them an opportunity to bring forth a revised or renewed Motion to Dismiss the Consolidated Amended Complaint if they so choose.

Defendants cite to *Merholz*, where the *defendants*[3] moved for consolidation. Def. Opp. at 13 (citing *Merholz v. McMahon*, No. 3:20-cv-557-VAB, Dkt. No. 43 at 1). In denying that motion without prejudice, Judge Bolden noted that "the Court will address any motions…to dismiss in these cases in a single hearing, and the parties may consolidate any filings in any of the three cases in order to avoid any unnecessary duplication in the presentation of issues." *Id*. at 2 (citing cases). In effect, the parties were advised to treat the cases as consolidated for briefing purposes.[4]

---

[3] Defendants incorrectly state that the *plaintiff* in *Merholz* sought consolidation. Def. Opp. at 13.

[4] The out-of-district cases cited by Defendants (Def. Opp. at 12) are plainly distinguishable. *See Makah Indian Tribe v. Verity*, No. 87-747, 1988 WL 144145, at *1-2 (W.D. Wash. May 12, 1988) (with three dispositive motions pending in first-filed tribal treaty rights case, defendants opposed consolidation, but "pledge[d] cooperation in bringing about the most expeditious and fair resolution in both cases." Concluding that while "issues will be somewhat similar, the court [was] persuaded that the two cases should be kept separate for the reasons stated by the government."); *Cooper v. City of Tucson*, No. 12-208, 2015 WL 1522198, at *2, 5 (D. Ariz. April 2, 2015) (second of two cases involving constitutional rights of homeless persons added additional allegations of harassment and amounted to "end-run around Rule 15[.]" The court denied plaintiffs' motion to consolidate, concluding that "[n]either the facts nor questions of law will be substantially similar between the two cases"); *Vickers v. Green Tree Servicing, LLC.*, No. 15-1252, 2015 WL 7776880 at *2 (D. Kan. Dec. 2, 2015) (cases stemmed from same set of facts, but involved different claims against

Because the cases here clearly involve common questions of law and fact, the Court should exercise its discretion to consolidate the matters now.

**B.      Appointment of Interim Co-Lead Counsel is Not Premature Since the Cases Should Be Consolidated.**

Defendants argue that since the Related Actions should not be consolidated, it is premature for the Court to designate interim counsel under Fed. R. Civ. P. 23(g)(3). Def. Opp. at 13. However, as discussed in detail *supra* § II(A), consolidation of the Related Actions is appropriate, and thus, for the reasons outlined by Plaintiffs' original memorandum, the Court should designate the Co-Lead Team as interim co-lead counsel pursuant to Rule 23(g)(3).

## III.    CONCLUSION

For all of the foregoing reasons, as well as those provided in their original memorandum, Plaintiffs respectfully request that the Court consolidate the Related Actions and appoint Milstein, LSB, and Shub Law as interim co-lead counsel and Scott+Scott as liaison counsel.

---

different defendants); *Osman v. Weyker*, No. 16-908, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) (defendants moved to consolidate § 1983 actions for pretrial and trial purposes and sought order compelling plaintiffs to file a single consolidated complaint. Plaintiffs "emphasized that the facts of each of their cases were different" and the court concluded that consolidation at that point was premature until certain issues were decided on dispositive motions, including defendants' assertion of qualified immunity.); *Evans v. Int'l Paper Co.*, No. 11-0214, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) (a main purpose of defendant's motion to consolidate was to increase aggregate amount in controversy to ensure diversity jurisdiction, which the court deemed unnecessary. Moreover, later-filed cases were "superfluous and duplicative, and subject to dismissal as such").

Dated: January 27, 2022                Respectfully submitted,

                                       **CASEY LAW FIRM LLC**

                                       *s/ Ryan Casey*
                                       M. Ryan Casey (*pro hac vice*)
                                       PO Box 4577
                                       Frisco, CO 80443
                                       T: (970) 372-6509
                                       F: (970) 372-6482
                                       ryan@rcaseylaw.com

                                       *and*

                                       **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                       Joseph P. Guglielmo (ct27481)
                                       The Helmsley Building
                                       230 Park Avenue, 17th Floor
                                       New York, NY 10169
                                       T: (212) 223-6444
                                       F: (212) 223-6334
                                       jguglielmo@scott-scott.com

                                       Erin Green Comite (ct24886)
                                       156 S. Main St.
                                       P.O. Box 192
                                       Colchester, CT 06415
                                       T: (860) 537-5537
                                       F: (860) 537-4432
                                       ecomite@scott-scott.com

                                       *Proposed Liaison Counsel*

                                       **MILSTEIN JACKSON FAIRCHILD & WADE, LLP**
                                       Gillian L. Wade (*pro hac vice* application forthcoming)
                                       Marc A. Castaneda (*pro hac vice* application forthcoming)
                                       10250 Constellation Blvd., Suite 1400
                                       Los Angeles, CA 90067
                                       T: (310) 396-9600
                                       F: (310) 396-9635
                                       gwade@mjfwlaw.com
                                       mcastaneda@mjfwlaw.com

                                       **LEVIN SEDRAN & BERMAN**
                                       David C. Magagna Jr., Esq. (*pro hac vice* application
                                       forthcoming)
                                       Charles E. Schaffer, Esq. (*pro hac vice* application
                                       forthcoming)
                                       510 Walnut Street, Suite 500
                                       Philadelphia, PA 19106
                                       T: (215) 592-1500

dmagagna@lfsblaw.com
cschaffer@lfsblaw.com

**SHUB LAW FIRM LLC**
Jonathan Shub (*pro hac vice* application
forthcoming)
Kevin Laukaitis (*pro hac vice* application
forthcoming)
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
T: (856) 772-7200
F: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Proposed Interim Co-Lead Counsel*

**CARNEY BATES & PULLIAM, PLLC**
David Slade (*pro hac vice*)
Hank Bates (*pro hac vice*)
Sam Jackson (*pro hac vice*)
519 West 7th St
Little Rock, AR 72201
T: (501) 312-8500
F: (501) 312-8505
dslade@cbplaw.com
hbates@cbplaw.com
sjackson@cbplaw.com

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer, Esq. (*pro hac vice* application
forthcoming)
Joseph Lipari, Esq. (*pro hac vice* application
forthcoming)
Daniel Markowitz, Esq. (*pro hac vice* application
forthcoming)
270 Madison Ave, Suite 1800
New York, NY 10016
T: (845) 483-7100
F: (888) 749-7747
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

**PEIFFER WOLF CARR KANE & CONWAY, LLP**
Brandon M. Wise (*pro hac vice* application
forthcoming)
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
T: (314) 833-4825

bwise@peifferwolf.com

**MASON LIETZ & KLINGER LLP**
Gary M. Klinger (*pro hac vice* application
forthcoming)
227 W. Monroe St, Ste. 2100
Chicago, IL 60606
T: (202) 640-1160
F: (202) 429-2294
gklinger@masonllp.com

**MASON LIETZ & KLINGER LLP**
Gary E. Mason (*pro hac vice* application
forthcoming)
David K. Lietz (*pro hac vice* application
forthcoming)
5101 Wisconsin Ave, NW Ste. 305
Washington, DC 20016
T: (202) 640-1160
F: (202) 429-2294
gmason@masonllp.com
dlietz@masonllp.com

**CONSUMER PROTECTION LEGAL, LLC**
Tiffany M. Yiatras (*pro hac vice* application
forthcoming)
308 Hutchinson Road
Ellisville, MO 63011-2029
T: (314) 541-0317
tiffany@consumerprotectionlegal.com

**FREED KANNER LONDON & MILLEN
LLC**
Jonathan M. Jagher (*pro hac vice* application
forthcoming)
923 Fayette Street
Conshohocken, PA 19428
T: (610) 234-6487
F: (224) 632-4521
jjagher@fklmlaw.com

**KOHN, SWIFT & GRAF, P.C.**
William E. Hoese (*pro hac vice* application
forthcoming)
1600 Market Street, Suite 2500
Philadelphia, PA 19103
T: (215) 238-1700
whoese@kohnswift.com
**LYNCH CARPENTER LLP**
Katrina Carroll (*pro hac vice* application
forthcoming)

111 W. Washington Street, Suite 1240
Chicago, IL 60602
T: (312) 750-1265
kcarroll@lcllp.com

*Additional Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2022, I caused the foregoing to be electronically filed

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the email addresses denoted on the Electronic Mail Notice List.

*s/ Ryan Casey*
M. Ryan Casey (*pro hac vice*)