# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN CLINGER and MONICA BARBA, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC,<br><br>               Defendant. | Case No. 3:21-cv-01040 (JAM)<br><br><br><br><br><br>March 18, 2022 |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL NOTICE OF AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Edgewell Personal Care Brands, LLC moves for leave to file a Supplemental Notice of Authorities in Support of its Motion to Dismiss (Dkt. #43). In support of its Motion Defendant states:

1. As detailed in Defendant's Memorandum in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. #44, Plaintiffs fail to allege a particularized injury-in-fact necessary to support this Court's subject-matter jurisdiction because they fail to allege that the products they purchased contained benzene. *Id.* at 7; *see* FAC ¶ 49.

2. In two recent cases, federal district courts have dismissed for lack of standing similar claims that concern the presence of benzene in sunscreen products.

3. Defendant files this Motion solely to apprise the Court of new authorities it may find useful as it considers the pending Motion to Dismiss. *See Wannamaker v. Town of Westport Bd. of Educ.*, No. 3:11-cv-1791-MPS, 2013 WL 3766582, at *1 (D. Conn. July 16, 2013) ("The

preferred procedure for bringing supplemental authority to the Court's attention is through a motion for leave to file supplemental authority.").

## Procedural History

4.  On December 3, 2021, Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint and its supporting Memorandum of Points and Authorities. (Dkt. #43, 44).

5.  On January 7, 2022, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Dismiss. (Dkt. #60).

6.  On January 21, 2022, Defendant filed its Reply Memorandum in Support of its Motion to Dismiss. (Dkt. #69).

## Order Granting Motion to Dismiss, *Schloegel v. Edgewell Personal Care Co., et al.*, No. 4:21-cv-00631-DGK (W.D. Mo.), Dkt. #46 (entered March 16, 2022)

7.  On March 16, 2022, the Honorable Judge Kays of the United States District Court for the Western District of Missouri dismissed, without prejudice, a class action lawsuit brought by Shannon Schloegel against Edgewell Personal Care Company and Edgewell Personal Care Brands, LLC. *Schloegel Order of Dismissal*, attached as Ex. A, p. 5. The District Court stated:

   a.  "The first count of Plaintiff's two-count complaint alleges Edgewell violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, because Edgewell sold Banana Boat sunscreen products without listing benzene as an ingredient on the product label" and "The second count alleges that Edgewell was unjustly enriched because it falsely represented that Banana Boat sunscreen products did not contain benzene…" Ex. A, p. 2 (footnote omitted).

   b.  "Plaintiff has failed to allege that she actually purchased Banana Boat Sunscreen products which were adulterated with benzene, and thus has failed to allege that

she did not receive exactly what Edgewell promised: an unadulterated sunscreen product." *Id*., pp. 4-5.

   c. "Plaintiff alleges that some samples of Banana Boat sunscreen products—including samples of the product she purchased—have been found to be adulterated with benzene, a known human carcinogen . . . However, Plaintiff does not allege that the specific product she purchased was adulterated with benzene." *Id*., p. 1 (footnote omitted).

8. Schloegel, like Plaintiffs in this case, alleged only that the Banana Boat® sunscreen products she purchased *"may* be adulterated with benzene" and that "there was a *risk* the products may contain benzene[.]" *See Schloegel Complaint*, attached as Ex. B, Dkt. #1-1, ¶ 5 (emphasis added). *Compare* FAC ¶ 49 ("The Product labeling (in the ingredients list or otherwise) fails to reveal that the Product contains *or may contain* benzene.") (emphasis added). In light of the similarities between the allegations in *Schloegel* and the allegations in this case that the purchased sunscreen product *may* (or may not) have contained benzene, the order of dismissal in the former provides persuasive supplemental authority that Plaintiffs have failed to allege injury-in-fact necessary to support this Court's subject-matter jurisdiction.

**Order Granting Motion to Dismiss, *Bodle v. Johnson & Johnson Consumer Inc.*, No. 3:21-cv-07742-EMC (N.D. Cal.), Dkt. #28 (entered February 24, 2022)**

9. On February 24, 2022, the Honorable Judge Chen of the United States District Court for the Northern District of California dismissed a class action lawsuit brought by Elizabeth Bodle against Johnson & Johnson. *Bodle Order of Dismissal*, attached as Ex. C, p. 4.

10. Bodle attempted to state claims for negligence, fraud, breach of warranty, unjust enrichment, and strict liability—design defect and strict liability—failure to warn theories. She also attempted to state claims for violations of California's CLRA, UCL, and FAL consumer protections laws. *See Bodle First Amended Complaint*, attached as Ex. D.

11. The District Court stated:

   a. "Plaintiff has failed to establish injury or causation as required to sustain any of its claims because Plaintiff has not plausibly alleged that (a) she ever purchased or used an allegedly contaminated sunscreen product…". Ex. C, p. 1.

   b. "Despite the fact that the FAC and the Valisure Petition on which it relies identifies only *specific batches* of JJCI sunscreen products which were allegedly contaminated with benzene, Plaintiff does not allege that she ever purchased or used a product produced from the allegedly contaminated batches. Nor does she allege facts sufficient for the Court to draw an inference that she used an allegedly contaminated product." *Id.* at 3.

   c. "But Plaintiff does not allege that she purchased or used such a product with a corresponding Lot or UPC number or a matching expiration date. Plaintiff does not allege any facts at all as to *when* she purchased the product she identifies. Thus, the Court is unable to draw an inference on the facts as alleged that she purchased and used a benzene-contaminated product. At most, Plaintiff alleges only that she [sic] JJCI 'sold [her] products that *may* contain dangerous levels of benzene, Plaintiff and the Class were harmed and suffered personal injuries.' FAC ¶ 36 (emphasis added). This is insufficient to establish a plausible claim that she purchased a contaminated product." *Id.*

12. Bodle, like Plaintiffs in this case, alleged only that Johnson & Johnson "sold them products that *may* contain dangerous levels of benzene[.]" Ex. D, ¶ 36 (emphasis added). *Compare* FAC ¶ 49 ("The Product labeling (in the ingredients list or otherwise) fails to reveal that the Product contains *or may contain* benzene.") (emphasis added). In light of the similarities between the allegations in *Bodle* and the allegations in this case that the purchased sunscreen products *may*

4

(or may not) have contained benzene, the order of dismissal in the former provides persuasive supplemental authority that Plaintiffs have failed to allege an injury-in-fact necessary to support this Court's subject-matter jurisdiction.

WHEREFORE, Defendant respectfully seeks leave to supplement the record with the Honorable Judge Kays' March 16, 2022 Order granting Edgewell Personal Care Company's Motion to Dismiss in *Schloegel v. Edgewell Personal Care Company, et al.*, No. 4:21-cv-00631-DGK (W.D. Mo.), attached to this Motion as Exhibit A, alongside the *Schloegel* Complaint, attached as Exhibit B, and the Honorable Judge Chen's February 24, 2022 Order granting Johnson & Johnson's Motion to Dismiss in *Bodle v. Johnson and Johnson Consumer Inc.*, No. 3:21-cv-07742-EMC (N.D. Cal.), attached to this Motion as Exhibit C, alongside the *Bodle* First Amended Complaint, attached as Exhibit D.

DATED: March 18, 2022                    Respectfully submitted,


                                         By: */s/ Megan McCurdy*

                                         **STINSON LLP**

                                         John W. Moticka (admitted *pro hac vice*)
                                         7700 Forsyth Boulevard, Suite 1100
                                         St. Louis, Missouri 63105-1821
                                         Telephone: (314) 863-0800
                                         Facsimile: (314) 863-9388
                                         john.moticka@stinson.com

                                         Megan McCurdy (*admitted pro hac vice*)
                                         Ashley M. Crisafulli (*admitted pro hac vice*)
                                         1201 Walnut Street, Suite 2900
                                         Kansas City, Missouri 64106
                                         Telephone: (816) 842-8600
                                         Facsimile: (816) 691-3495
                                         megan.mccurdy@stinson.com
                                         ashley.crisafulli@stinson.com

5

**DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP**

Jonathan P. Whitcomb (ct15014)
jwhitcomb@dmoc.com
Jonathan J. Kelson (ct26755)
jkelson@dmoc.com
Christina Volpe (ct30647)
cvolpe@dmoc.com
1010 Washington Blvd., Suite 800
Stamford, Connecticut 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321

**ATTORNEYS FOR DEFENDANT**

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

By:     */s/ Megan McCurdy*

ATTORNEY FOR DEFENDANT

CORE/3006951.0087/173241897.8