# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| SHANNON SCHLOEGEL, *individually and on behalf of others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:21-cv-00631-DGK |
| EDGEWELL PERSONAL CARE COMPANY and EDGEWELL PERSONAL CARE BRANDS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## <u>ORDER GRANTING MOTION TO DISMISS</u>

Plaintiff Shannon Schloegel brings this putative class action against Defendants Edgewell Personal Care Company and Edgewell Personal Care Brands, LLC (collectively "Edgewell"). Edgewell manufactures, distributes, markets, and sells "Banana Boat" sunscreen products. Compl. ¶¶ 6–7, ECF No. 1-1. In June 2021, Plaintiff purchased a Banana Boat sunscreen product at a store in Kansas City, Missouri. Compl. ¶ 5. Plaintiff alleges that some samples of Banana Boat sunscreen products—including samples of the product she purchased[1]—have been found to be adulterated with benzene, a known human carcinogen. Compl. ¶¶ 8, 9, 11. She alleges that Edgewell failed to disclose via labeling or advertising that Banana Boat sunscreen products may contain benzene. Compl. ¶ 20–21. However, Plaintiff does not allege that the specific product she purchased was adulterated with benzene.

---

[1] Specifically, Plaintiff purchased "Banana Boat Kids Max Protect & Play Sunscreen C-Spray—SPF 100." Compl. ¶ 5.

The first count of Plaintiff's two-count complaint alleges Edgewell violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020,[2] because Edgewell sold Banana Boat sunscreen products without listing benzene as an ingredient on the product label. Compl. ¶¶ 33–48. The second count alleges that Edgewell was unjustly enriched because it falsely represented that Banana Boat sunscreen products did not contain benzene, and that Plaintiff and the putative class members conferred a benefit on Edgewell by purchasing the products. Compl. ¶¶ 49–54. On her MMPA claim, Plaintiff seeks damages "measured by the purchase price of the sunscreen." Compl. ¶¶ 46–48. On her unjust enrichment claim, Plaintiff likewise seeks restitution equivalent to the purchase price of the sunscreen. Compl. ¶ 31. Plaintiff also seeks an injunction[3] preventing Edgewell from further advertising or sale of Banana Boat sunscreen products unless Edgewell includes a warning label indicating that the product may contain benzene. *Id.*

Edgewell moved to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff has not established standing and that the Court therefore lacks subject matter jurisdiction. Mot., ECF No. 10; Suggestions in Supp., ECF No. 11. Edgewell also moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are preempted by multiple provisions in the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. Ch. 9, and that Plaintiff has failed to state an MMPA claim or an unjust enrichment claim. *Id.* Because the Court concludes that Plaintiff does not have standing and it therefore lacks jurisdiction to decide this matter, it does not address Defendant's Rule 12(b)(6) arguments.

---

[2]  The MMPA prohibits "[t]he act, use or employment by any person of any deception, fraud . . . false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale of advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1.

[3] The Complaint seeks both a preliminary and permanent injunction. The Court does not address Plaintiff's request for a preliminary injunction because Plaintiff did not make her request in a motion. *See* Fed R. Civ. P. 65.

## I.  Plaintiff does not have standing to maintain either of her claims.

A plaintiff must have standing in order to invoke the Court's jurisdiction to decide a matter. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992).  This rule applies to named plaintiffs in a class action.  *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n. 20 (1976))).  If a named plaintiff cannot demonstrate standing to maintain an action on her own behalf, she cannot seek relief on behalf of the class.  *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1050 (E.D. Mo. 2009).

Plaintiff has standing only if she establishes 1) an "injury-in-fact," 2) "a causal connection between the injury and the conduct complained of," and 3) that the Court is likely able to redress her injury.  *Lujan*, 504 U.S. at 560–61.  Plaintiff must establish each element of standing to "the manner and degree of evidence required" at each successive stage of the litigation.  *Id.* at 561.  General factual allegations of the elements of standing therefore suffice to establish standing at the pleading stage, as the Court "presumes that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

In order to establish an injury-in-fact at the pleading stage, Plaintiff must plead facts showing a "concrete and particularized" "invasion of a legally protected interest." *Lujan*, 504 U.S. at 560.  This means the alleged injury "must affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 560 n. 1.  "In the context of defective products, 'it is not enough for a plaintiff to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that *their* product *actually exhibited* the alleged defect.'" *Wallace*

3

*v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (quoting *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir.2011)). In *Wallace*, the plaintiffs purchased Hebrew National hot dogs which were marketed as meeting kosher requirements. *Id.* at 1028. The plaintiffs alleged that some—but not all—Hebrew National hot dogs were labeled as kosher yet did not meet kosher requirements, and that plaintiffs had overpaid for Hebrew National hot dogs as a result. *Id.* at 1028–29. The Eighth Circuit noted that, while the plaintiffs had alleged a concrete injury, by failing to allege they had actually purchased non-kosher hot dogs, the plaintiffs failed to allege an actual injury. *Id.* at 1030. ("Without any particularized reason to think the consumers' own packages of Hebrew National beef actually exhibited the alleged non-kosher defect, the consumers lack Article III standing to sue ConAgra."). This was because the plaintiffs may have purchased "*exactly what was promised:* a higher quality, kosher meat product." *Id.* at 1031.

Plaintiff attempts in vain to distinguish *Wallace*. She argues that her case is not a defective product case, but rather an economic harm case. Suggestions in Opp'n at 11, ECF No. 17 ("Economic harm is a long-recognized, non-controversial, injury-in-fact." (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 184 (2000)). Plaintiff argues— consistent with her complaint—that her injury occurred when she purchased the Banana Boat sunscreen product, as she would have paid significantly less or not have made the purchase at all had she known of the risk of exposure to benzene. *Id.* at 10–11. Plaintiff is correct that "alleged economic harm—even if only a few pennies each—is a concrete, non-speculative injury." *Wallace*, 747 F.3d at 1029 (8th Cir. 2014). Where Plaintiff's argument fails, however, is that she must not only show a concrete injury, but also a particularized one. That is to say Plaintiff must allege that she was actually injured. Just as in *Wallace*, Plaintiff has failed to allege that she

4

actually purchased Banana Boat Sunscreen products which were adulterated with benzene, and thus has failed to allege that she did not receive exactly what Edgewell promised: an unadulterated sunscreen product.

Plaintiff also argues that in *Wallace*, it was impossible for a reasonable consumer to detect whether the purportedly kosher meat was non-kosher, whereas benzene is detectable and in fact has been detected in Banana Boat sunscreen products.  Suggestions in Opp'n at 12.  Finally, Plaintiff argues that *Wallace* "did not involve adulteration of a product with a cancer-causing agent." *Id.*  Neither distinction is relevant.  Plaintiff has not alleged a particularized injury.[4] *See also in re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*, 9 F.4th 793, 797 (8th Cir. 2021).

## Conclusion

Because Plaintiff has failed to establish standing, this case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  March 16, 2022                              /s/ Greg Kays

GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Edgewell also argues that Plaintiff has failed to allege standing with regard to her unjust enrichment claim because she has failed to allege an injury that is redressable in equity.  Mot. at 1, ECF No. 10; Suggestions in Supp. at 7–9, ECF No. 11.  The Court does not address this argument.

5