UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN CLINGER, MONICA BARBA, and HEATHER RUDY, on behalf of themselves and all other similarly situated,<br>    *Plaintiffs*,<br><br>    v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, a Delaware Limited Liability Company,<br>    *Defendant*. | No. 3:21-cv-01040 (JAM) |
| LUIS CHABLA and JESSICA BARTON, individually on behalf of themselves and all others similarly situated,<br>    *Plaintiffs*,<br><br>    v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, and SUN PHARMACEUTICALS, LLC,<br>    *Defendants*. | No. 3:21-cv-01579 (JAM) |
| LISA ZAYAS, CATALINA OCAMPO, DEBORAH JEAN, and SEBE ALGOFI, Individually and on Behalf of All Others Similarly Situated,<br>    *Plaintiffs*,<br><br>    v.<br><br>EDGEWELL PERSONAL CARE COMPANY, EDGEWELL PERSONAL BRANDS, LLC, and EDGEWELL PERSONAL CARE, LLC,<br>    *Defendants*. | No. 3:21-cv-01596 (JAM) |

1

**ORDER GRANTING MOTION TO CONSOLIDATE CASES**

In these related actions, three sets of plaintiffs allege that defendant Edgewell Personal Care Brands LLC (Edgewell) advertised and sold them sunscreen products containing detectable levels of benzene, a known carcinogen. Plaintiffs have brought claims under federal and state law sounding in fraud, breach of warranty, and deceptive and unfair trade practices based on Edgewell's failure to include any warnings concerning benzene on the labels of these sunscreen products. Edgewell denies that its products contain dangerous amounts of benzene and has moved to dismiss all three complaints, principally on the grounds that the plaintiffs lack standing to bring their claims, that federal law preempts the plaintiffs' claims, and that the complaints fail to state a claim on which relief may be granted.

The plaintiffs have moved to consolidate the three actions pursuant to Federal Rule of Civil Procedure 42(a). Because their claims share common questions of law and fact and are all at the pleading stage, I will grant the plaintiffs' motion to consolidate.

## BACKGROUND

In May 2021, a consumer protection organization called Valisure LLC (Valisure) released testing results concerning a number of sunscreen products.[1] Tests involving Banana Boat sunscreen—an Edgewell brand—showed detectable benzene levels in seven products.[2] Valisure asked the U.S. Food and Drug Administration to recall all sunscreen products

---

[1] Valisure Citizen Petition to the U.S. Food and Drug Administration (May 24, 2021), https://www.valisure.com/wp-content/uploads/Valisure-Citizen-Petition-on-Benzene-in-Sunscreen-and-After-sun-Care-Products-v9.7.pdf (last accessed March 29, 2022).

[2] *Id*. at 13-15 (tbl. 3). These Banana Boat products were Kids Max Protect & Play Sunscreen Spray, Kids Sport Sunscreen, Protective Dry Oil Clear Sunscreen Spray, Simply Protect Kids Sunscreen Spray, Ultra Defense Ultra Mist Clear Sunscreen Spray, Ultra Sport Clear Sunscreen Spray, and UltraMist Deep Tanning Dry Oil Continuous Clear Spray. *Ibid*. Ten other Banana Boat sunscreen products had zero benzene or less than 0.1 ppm of benzene. *See* Attachment A, https://www.valisure.com/wp-content/uploads/Attachment-A-Table-5-of-Valisure-FDA-Citizen-Petition-on-Sunscreen-v2.pdf (last accessed on March 29, 2022).

containing detectable levels of benzene and to issue new regulatory standards for acceptable benzene levels in drug and cosmetic products.[3]

On July 28, 2021, the first set of plaintiffs filed their complaint in *Clinger et al. v. Edgewell Personal Care Brands, LLC* (*Clinger*), asserting claims of fraud by omission, deceptive and unfair trade practices, and consumer fraud under Florida and Illinois law.[4] In October 2021, Edgewell moved to dismiss the complaint.[5] On November 12, 2021, the *Clinger* plaintiffs filed an amended complaint adding claims for breach of warranty under state and federal law and unjust enrichment under state law.[6]

On November 29, 2021, the second set of plaintiffs filed their complaint in *Chabla et al. v. Edgewell Personal Care Brands, LLC et al.* (*Chabla*), asserting nearly identical claims against Edgewell including deceptive trade practices, false advertising, breach of warranty, and common law fraudulent concealment and unjust enrichment under New York law.[7]

Two days later, on December 1, 2021, the third set of plaintiffs filed their complaint in *Zayas et al. v. Edgewell Personal Care Company et al.* (*Zayas*), also asserting nearly identical claims against Edgewell including unfair trade practices and consumer fraud as well as common law fraudulent concealment and unjust enrichment under Pennsylvania, Illinois, Oregon, and New York law.[8]

---

[3] Valisure Citizen Petition, https://www.valisure.com/wp-content/uploads/Valisure-Citizen-Petition-on-Benzene-in-Sunscreen-and-After-sun-Care-Products-v9.7.pdf at 2-3.

[4] 3:21-cv-1040, Doc. #1. The *Clinger* plaintiffs' counsel of record is attorney Joseph Guglielmo of the law firm Scott+Scott Attorneys at Law LLP (Scott+Scott). *Id*. at 26. Additional attorneys for the plaintiffs in *Clinger* are from the law firms of Milstein Jackson Fairchild & Wade, LLP (Milstein), Carney Bates & Pulliam, PLLC, and Casey Law Firm, LLC. *Id*. at 27.

[5] 3:21-cv-1040, Doc. #35.

[6] 3:21-cv-1040, Doc. #40.

[7] 3:21-cv-1579, Doc. #1. Counsel of record for the *Chabla* plaintiffs is also Attorney Guglielmo of Scott+Scott. *Id*. at 28. Additional attorneys for the plaintiffs in *Chabla* are from the Sulzer Law Group P.C. and Levin Sedran & Berman, LLP (Levin). *Id*. at 29.

[8] 3:21-cv-1596, Doc. #1. Counsel of record for the *Zayas* plaintiffs is also Attorney Guglielmo of Scott+Scott. *Id*. at 30. Additional attorneys for the plaintiffs in *Zayas* are from the law firms of Peiffer Wolf Carr Kane & Conway, LLP, Shub Law Firm LLC (Shub Law), Mason Lietz & Klinger LLP, Consumer Protection Legal, LLC, Freed

On December 3, 2021, Edgewell moved to dismiss the complaint in *Clinger*.[9] On December 23, 2021, plaintiffs moved to consolidate the *Clinger*, *Chabla*, and *Zayas* actions and to appoint as interim co-lead counsel the firms of Milstein, Levin, and Shub Law, with Scott+Scott serving as liaison counsel.[10] Edgewell opposes the motion on the ground that consolidation is not in the interest of judicial economy and will prejudice the parties by delaying resolution of the pending motion to dismiss.[11] In January 2022, Edgewell filed motions to dismiss in *Chabla* and *Zayas*.[12] The plaintiffs in *Chabla* and *Zayas* have since filed amended complaints, both of which Edgewell has again moved to dismiss.[13]

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Trial courts have broad discretion to determine whether consolidation of multiple actions is appropriate to avoid unnecessary costs or delay. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Judicial economy, general efficiency, and consistent adjudication generally favor consolidation, but a court must balance these considerations against the risks of prejudice and jury confusion. *Id.* at 1285. Consolidation is appropriate when actions share common parties, factual allegations, and legal issues, even if they are not in identical procedural postures. *See DeSouza v. Park W. Apartments, Inc.*, 2017 WL 10926753, at *2 (D. Conn. 2017).

Here, the balance of factors favors consolidation. The related actions feature substantial overlap in questions of law and fact because plaintiffs in *Clinger*, *Chabla*, and *Zayas* all

---

Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., and Lynch Carpenter LLP. *Id.* at 30-31.
[9] 3:21-cv-1040, Doc. #43.
[10] 3:21-cv-1040, Doc. #55.
[11] 3:21-cv-1040, Doc. #66 at 2 (amended memorandum in opposition).
[12] 3:21-cv-1579, Docs. #48-49; 3:21-cv-1596, Docs. #43-44.
[13] 3:21-cv-1579, Doc. #65 (amended complaint); Doc. #67 (motion to dismiss); 3:21-cv-1596, Doc. #52 (amended complaint); Doc. #53 (motion to dismiss).

purchased Banana Boat sunscreen products purportedly contaminated with benzene and now seek injunctive relief and money damages on the common theory that they would not have purchased these products had Edgewell warned them of the presence of benzene. While there is some variation in the plaintiffs' state law causes of action, each claim stems from a common factual nucleus and necessitates substantially similar legal analysis. *See Ashcroft v. New York State Dep't of Corr. Servs.*, 2009 WL 1161480, at *2 (W.D.N.Y. 2009) (finding that consolidation of "a myriad of ancillary claims" would not cause confusion or prejudice because all claims arose from an "underlying, central issue"); *Boy 1, Boy 2, & Boy 3 v. Boy Scouts of Am.*, 2011 WL 13127154, at *2 (W.D. Wash. 2011) (granting motion to consolidate where the same defendant's "two motions to dismiss – which are nearly identical – challenge the core legal theory that undergirds both of the actions").

Additionally, because the actions were filed only four months apart and all remain at the pleading stage, consolidation will not cause significant delay in resolving Edgewell's nearly identical motions to dismiss. *Cf. United States v. Garrity*, 2018 WL 8263922, at *2 (D. Conn. 2018) (denying motion to consolidate in light of "starkly different procedural postures" where second case was filed nearly three years after first case, such that "consolidating would require substantially delaying trial to allow for even minimal discovery and dispositive motions").

Edgewell contends that the plaintiffs have engaged in an evasive litigation strategy to avoid responding to its motions to dismiss, such that consolidation would unfairly reward those tactics and further prejudice Edgewell by delaying resolution on its motions. I disagree. First, as explained above, the risk of prejudicial delay is minimal given the close-in-time filing of the related actions. Second, consolidation will not weaken any of the arguments raised in Edgewell's motions to dismiss, nor—if the consolidated action proceeds to trial—is there a high risk of jury

confusion due to conflicting burdens of proof or disparate legal elements among the various claims. *See Francis v. Meachum*, 2020 WL 6136290, at *7 (D. Conn. 2020) ("Cases need not be identical to be consolidated: Differences in … causes of action, for instance, do not necessarily counsel against consolidation.").

Third, the Court does not share Edgewell's cynical view of the efforts of plaintiffs' counsel to coordinate a single, consolidated action in this District, where neither venue nor personal jurisdiction has been challenged. As the Federal Judicial Center's Manual for Complex Litigation indicates, while a court will usually need to coordinate the fair and efficient organization of plaintiff-side attorneys in multiparty litigation, "[i]n some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged." § 10.22 (4th ed.).[14]

Moreover, while Edgewell argues that consolidation would be premature with its motion to dismiss still pending in *Clinger*, the authorities it cites for that proposition are readily distinguishable. First, consolidation has been found unduly prejudicial where the first-filed case is trial-ready or at the summary judgment stage—not at the pleading stage. *See Garrity*, 2018 WL 8263922, at *2; *Makah Indian Tribe v. Verity*, 1988 WL 144145 (W.D. Wash. 1988).

Second, because Edgewell has moved for dismissal in all three cases on the same grounds, there is little risk of the confusion and inconvenience courts seek to avoid when multiple defendants have filed motions asserting distinct bases for dismissal. *See, e.g., Thompson v. City of St. Peters*, 2016 WL 1625373, at *1–2 (E.D. Mo. 2016) (two municipal defendants had filed dispositive motions regarding different ordinances and in one action nearly all counts had already been dismissed); *Osman v. Weyker*, 2016 WL 10402791, at *2–3 (D. Minn. 2016)

---

[14] The Manual for Complex Litigation is freely available online at https://public.resource.org/scribd/8763868.pdf (last accessed March 28, 2022).

(immunity defenses filed by various police officers and supervisors); *Vickers v. Green Tree Servicing*, 2015 WL 7776880, at *2 (D. Kan. 2015) (three different defendants had pending motions to dismiss that were not yet fully briefed, making it "too soon to ascertain the claims and parties which may remain in each case"); *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.,* 2012 WL 1825222, at *1 (D. Kan. 2012) (only one of four defendants raised challenge to personal jurisdiction and venue).

Third, there is no apparent pretext behind the request for consolidation in this case. *Cf. Cooper v. City of Tucson*, 2015 WL 1522198, at *2 (D. Ariz. 2015) (seeking consolidation to effectively amend the complaint); *Evans v. Int'l Paper Co.*, 2011 WL 2559791, at *6 (W.D. La. 2011) (seeking consolidation to manufacture subject matter jurisdiction).

Because consolidating these actions will considerably advance judicial economy and reduce the burdens of litigation for all parties without causing prejudicial delay or jury confusion, I will grant the plaintiffs' motion to consolidate cases.[15]

All other law firms representing plaintiffs in these actions support the appointment of Milstein, LSB, and Shub Law as interim co-lead counsel and Scott+Scott as liaison counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. Edgewell does not dispute that these law firms are adequately experienced, knowledgeable, and committed to fairly and adequately undertake representation of the putative class. *See* Fed. R. Civ. P. 23(g)(1) and (4). Because the appointment of interim co-lead counsel and liaison counsel will advance the litigation of the consolidated action, I will also grant this aspect of the plaintiffs' motion.

---

[15] Should the consolidated action reach the trial stage, this ruling is without prejudice to Edgewell filing a motion for separate trials on the ground that trying all claims together will cause substantial jury confusion.

## Conclusion

For the reasons stated above, the Court GRANTS the motion to consolidate (Doc. #55) the related actions in *Clinger et al. v. Edgewell Personal Care Brands, LLC*, 3:21-cv-01040, *Chabla et al. v. Edgewell Personal Care Brands, LLC et al.*, 3:21-cv-01579, and *Zayas et al. v. Edgewell Personal Care Company et al.*, 3:21-cv-01596. The Clerk of Court is directed to consolidate these actions into case number 3:21-cv-01040, and all further pleadings in the consolidated case should be filed on that docket.

The Court further GRANTS the plaintiffs' motion to appoint Milstein Jackson Fairchild & Wade, LLP, Levin Sedran & Berman, LLC, and the Shub Law Firm LLC as interim co-lead counsel (Co-Lead Counsel) and Scott+Scott Attorneys at Law LLP as liaison counsel.

Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

(a) to coordinate the briefing and argument of motions;

(b) to coordinate the conduct of discovery proceedings;

(c) to coordinate the examination of witnesses in depositions;

(d) to coordinate the selection of counsel to act as spokesperson at pretrial conferences;

(e) to call telephonic or in-person meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlements negotiations with counsel for defendants;

(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h) to supervise any other matters concerning the prosecution, resolution, or settlement of

the consolidated action.

No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

Counsel in any related action that is consolidated with the consolidated action shall be bound by this organization of plaintiffs' counsel.

Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

Co-Lead Counsel shall be the contact between plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel.

Defendants shall effect service of papers on plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic, or hand delivery.

It is so ordered.

Dated at New Haven this 29th day of March 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge