IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS CHABLA, JESSICA BARTON, BRYAN CLINGER, MONICA BARBA, LISA ZAYAS, DEBORAH JEAN, and SEBE ALGOFI, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, and SUN PHARMACEUTICALS, LLC,<br><br>Defendant. | Case No.: 3:21-cv-01040 (JAM) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFFS' SUPPLEMENTAL AUTHORITY**

Plaintiffs Luis Chabla, Jessica Barton, Bryan Clinger, Monica Barba, Lisa Zayas, Deborah Jean, and Sebe Algofi ("Plaintiffs") hereby submit this Supplemental Brief in Support of Plaintiffs' Supplemental Authority, ECF Doc. 118.

Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, and Sun Pharmaceuticals, LLC ("Defendants") filed a Response to Plaintiffs' Notice of Supplemental Authority, ECF Doc. 118, arguing that *Barnes v. Unilever United States Inc.*, No. 21-cv-06191, 2022 WL 2915629 (N.D. Ill. July 24, 2022), does support Plaintiffs' Article III standing arguments in this case. Plaintiffs have already addressed much of Defendants' argument in their Opposition to Defendants' Motion to Dismiss. ECF Doc. 102. Nonetheless, Plaintiff will address Defendants' arguments below.

1

Plaintiffs here suffered a concrete and particularized economic injury when they purchased Defendants' products because they would not have purchased the products had they known of the risk of contamination from benzene, a harmful carcinogen that is unsafe in any amount. *Barnes* relied on *In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748, 750–51 (7th Cir. 2011), which Defendants mischaracterize in their brief. *Aqua Dots* held that a dangerous product need not cause a physical injury to create standing. A dangerous product can cause a "financial" injury—*i.e.*, the unknowing purchase of a dangerous product—if it creates a "risk" of physical injury. *Id.*; *see also Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1086–88 (11th Cir. 2019) ("The complaint's allegations establish that the plaintiffs purchased adulterated dietary supplements that they would not have purchased had they known that sale of the supplements was banned. Because the plaintiffs were deprived of the entire benefit of their bargain, we conclude they adequately alleged that they experienced economic loss.") (citing *Aqua Dots*, 654 F.3d 748); *In re Valsartan, Losartan, & Irbesartan Prod. Liab. Litig.*, No. MDL 2875 (RBK-JS), 2021 WL 222776, at *16 (D.N.J. Jan. 22, 2021) ("[T]he *Debernardis* court determined that, at the motion to dismiss stage, an adulterated vitamin supplement was worthless and had no value because it should not have been sold in the first place.").

Like here, the defendant in *Barnes* argued the "benzene contamination applied only to some limited lots of its product," and therefore there was insufficient proof that benzene was in the *plaintiffs'* product. *Barnes*, 2022 WL 2915629, at *1 n.1. The *Barnes* court rejected this argument, finding "Barnes's theory of injury holds water even if based on the proposition that she

would not have purchased the product had she known of *the risk* it contained benzene." *Barnes*, 2022 WL 2915629, at *1 n.1.[1]

Further, not only did Valisure confirm the existence of benzene in Defendants' products, but Plaintiffs' own testing confirmed it as well. ECF Doc. 89, ¶ 46. Plaintiffs have met their burden and plausibly alleged that Defendants' entire product line was contaminated with benzene. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 737–38 (2d Cir. 2017) (where plaintiff supported allegations of product mislabeling with third-party survey, complaint "satisfies the 'low threshold' required to plead injury in fact"). To hold otherwise would foreclose at the pleadings stage any individual or class action for economic injury from purchase of a contaminated product. Defendants' argument demands proof that Plaintiffs' specific product be tested, even when strong circumstantial evidence of widespread contamination exists. *See id.* ("At the pleading stage, [the plaintiff] need not prove the accuracy of the [third party's] findings or the rigor of its methodology" and is not subject to the "more demanding standards applicable at summary judgment or trial."); *In re Herbal Supplements Mktg. & Sales Pracs. Litig.*, No. 15-CV-5070, 2017 WL 2215025, at *12 (N.D. Ill. May 19, 2017) ("Courts have permitted consumer claims in nationwide class actions regarding product mislabeling to move forward based on limited testing, including a single test on

---

[1] The *Barnes* court also found that the defendant's reliance on *Johannessohn v. Polaris Industries, Inc.*, 9 F.4th 981 (8th Cir. 2021), was unpersuasive. *Barnes*, 2022 WL 2915629, at *1. *Johannessohn* was also based on the same principles articulated by the Eighth Circuit authorities that Defendants largely rely on here, principles that have been contradicted by *Barnes* and other circuits. *Compare* Def. Mot. to Dismiss, ECF Doc. 99, at 10-11 (citing *Schloegel v. Edgewell Pers. Care Co.*, No. 4:21-cv-00631-DGK, 2022 WL 808694, at *3 (W.D. Mo. Mar. 16, 2022); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014)), *with Barnes*, 2022 WL 2915629, at *1; *In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 748, 750-51 (7th Cir. 2011); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 665 (N.D. Cal. 2021); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 737 (2d Cir. 2017); *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1239 (D. Kan. 2007). *Bodle v. Johnson & Johnson Consumer Inc.*, No. 3:21-cv-7742, ECF Doc. 28 (N.D. Cal. Feb. 24, 2022), on which Defendants also rely, is at odds with the prevailing view espoused in *Barnes* and should be rejected.

a single sample of the product at issue."). Defendant is arguing for a heightened pleading requirement for standing than the Second Circuit demands. *See Dubuisson v. Stonebridge Life Ins. Co.*, 887 F.3d 567, 574 (2d Cir. 2018) ("What matters is that a plaintiff must clearly allege facts sufficient to constitute an injury in fact, but those allegations 'need not be capable of sustaining a valid cause of action.'") (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)). The parties must be afforded an opportunity to investigate Plaintiffs' claims.

As to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") claim, that law prohibits "unfair or deceptive acts or practices" in a similar or identical manner to the consumer protection statutes pleaded in the complaint by each of the Plaintiffs. Given the similarities between these statutes, *Barnes*' holding that "allegations that Unilever put adulterated and therefore dangerous products into the marketplace without adequate testing or screening … sufficient to state a claim for an unfair practice," *Barnes*, 2022 WL 2915629, at *3, should apply with equal force to Plaintiffs' claims.

Dated: August 24, 2022

Respectfully submitted,

*/s/ Charles E. Schaffer*

Charles E. Schaffer
David C. Magagna Jr.
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
cschaffer@lfsblaw.com
dmagagna@lfsblaw.com

Gillian L. Wade *(pro hac vice)*
Marc A. Castaneda *(pro hac vice)*
**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**
10990 Wilshire Blvd., 8th Floor

Los Angeles, CA 90024  
Tel: (310) 396-9600  
Fax: (310) 396-9635  
gwade@mjfwlaw.com  
mcastaneda@mjfwlaw.com  

Kevin Laukaitis  
Jonathan Shub  
**SHUB LAW FIRM LLC**  
134 Kings Highway E., 2nd Floor  
Haddonfield, NJ 08033  
Tel: (856) 772-7200  
Fax: (856) 210-9088  
klaukaitis@shublawyers.com  
jshub@shublawyers.com  

Jason P. Sultzer, Esq.  
Daniel Markowitz, Esq.  
Mindy Dolgoff, Esq.  
**THE SULTZER LAW GROUP, P.C.**  
85 Civic Center Plaza, Suite 200  
Poughkeepsie, NY 12601  
Tel : (845) 483-7100  
Fax : (888) 749-7747  
sultzerj@thesultzerlawgroup.com  
markowitzd@thesultzerlawgroup.com  
dolgoffm@thesultzerlawgroup.com  

Hank Bates *(pro hac vice)*  
Sam Jackson *(pro hac vice)*  
**CARNEY BATES & PULLIAM, PLLC**  
519 West 7th St.  
Little Rock, AR 72201  
Tel: 501.312.8500  
Fax: 501.312.8505  
hbates@cbplaw.com  
sjackson@cbplaw.com  

Ryan Casey *(to apply pro hac vice)*  
**CASEY LAW FIRM, LLC**  
PO Box 4577  
Frisco, CO 80443  
Tel: (970) 372-6509  
Fax: (970) 372-6482  
ryan@rcaseylaw.com

Joseph P. Guglielmo (ct27481)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444
Fax: 212-223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiff*