# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

BRYAN CLINGER, *et al.*,

                Plaintiffs,

      v.

EDGEWELL PERSONAL CARE BRANDS,
LLC, EDGEWELL PERSONAL CARE, LLC,
SUN PHARMACEUTICALS, LLC,
                Defendants.

Case No. 3:21-cv-1040 (JAM)

Date Complaint Filed:  Jul. 28, 2021

Date Complaint Served: Aug. 3, 2021

Date of Defendant's Appearance: Aug. 19,
2021

## <u>AMENDED RULE 26(F) REPORT OF PARTIES'</u>
## <u>PLANNING MEETING</u>

On July 28, 2021, the complaint in *Clinger, et al. v. Edgewell Personal Care Brands, LLC* (Case No. 3:21-cv-01040) ("*Clinger*") was filed in this court.  (ECF No. 1).  On September 20, 2021, in accordance with Fed. R. Civ. P. 16(b), 26(f) and D. Conn L. Civ. R. 16, a conference was held.  The participants were:  Gillian Wade, Marc Castaneda, Sam Jackson, and David Slade for the *Clinger* Plaintiffs and Jonathan Kelson and John Moticka for defendant Edgewell Personal Care Brands, LLC. The Rule 26(f) report in *Clinger* was filed on October 4, 2021 (ECF No. 26) and on November 15, 2021, the Court entered an order stating, in pertinent part, "[t]he Court has reviewed the parties' Rule 26(f) Report…In light of the scope of discovery described in the report, if the defendant renews its motion to dismiss, the Court will stay discovery pending its ruling on the motion to dismiss (and, should it deny such a motion, require the parties to file a new 26(f) Report at that time)." (ECF No. 42).

On April 18, 2022, a consolidated amended complaint was filed by Brian Clinger, Monica Barba, Luis Chabla, Jessica Barton, Lisa Zayas, Deborah Jean, and Sebe Agolfi, individually on behalf of themselves and all others similarly situated, naming Edgewell Personal Care Brands, LLC,

1

Edgewell Personal Care, LLC and Sun Pharmaceuticals, LLC ("Defendants") as defendants. (ECF No. 89) ("CAC"). On May 5, 2022, Defendants filed a motion to dismiss the CAC ("Motion to Dismiss"). (ECF No. 99). The matter was fully briefed and oral argument was held on August 25, 2022. On March 13, 2023, the Court issued an order denying in part and granting in part Defendants' motion (ECF No. 144).

On April 21, 2023, a follow-up Rule 26(f) conference was held. The participants were Charles Schaffer and Gillian Wade for Plaintiffs and Megan McCurdy and John Moticka for Defendants. In accordance with the Court's November 15, 2021 order and the ruling on the motion to dismiss, and the conference of counsel, plaintiffs Bryan Clinger, Monica Barba, Luis Chabla, and Jessica Barton (collectively "Plaintiffs") and Defendants submitted their updated Rule 26(f) report on May 22, 2023. (ECF No. 148).

On May 22, 2023, the parties served their First Requests for Production of Documents and First Interrogatories on one another. Due to travel schedules of counsel for Defendants and for in-house counsel with whom Defendants' counsel is working, Defendants requested an additional 30 days to respond to Plaintiffs' written discovery. Given the January 20, 2024 discovery deadline, Plaintiffs indicated that they would agree to an extension of the parties' discovery response deadlines if the parties requested a modified scheduling order that extends the future deadlines by 30 days. Plaintiffs and Defendants hereby submit their updated Rule 26(f) report extending all deadlines by 30 days.

## I.   <u>CERTIFICATION</u>

Undersigned counsel (after consultation with their clients) certifies that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a

copy of this report to their clients.

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

Plaintiffs contend that this Court has subject matter jurisdiction over Plaintiffs' claims

pursuant to the Class Action Fairness Act of 2005, set forth at 28 U.S.C. § 1332(d)(2)(A).  This

is a putative class action.  *See* Doc. 1.  At least one member of the putative class (*e.g.*, Plaintiff

Bryan Clinger of Florida) is a citizen of a different state than Defendant (*e.g.*, who is a member

of the states of Delaware and Connecticut) and there is alleged to be at least $5,000,000 in

controversy.  Defendants continue to contest subject matter jurisdiction for the reasons set forth

in their Motion to Dismiss.  (*See* ECF No. 99).

### B.   Personal Jurisdiction

Defendants do not contest personal jurisdiction.

## III.   BRIEF DESCRIPTION OF CASE

Plaintiffs allege Defendants advertise and sell Banana Boat® brand sunscreen products.

Plaintiffs allege that multiple Banana Boat® sunscreen products tested by Valisure contain

benzene (the "Products")[1] and that, if they had known the Products had a risk of containing

benzene, they would not have purchased them, would have paid less for them, and/or received a

product that was worth less than the one they purchased as represented.  Following Defendants'

Motion to Dismiss the CAC (ECF No. 99), Plaintiffs' claims for breach of warranty (Count I) were

withdrawn, and Plaintiffs' claims for fraudulent concealment were dismissed (Count II).  Likewise,

the claims brought by Zayas based on Pennsylvania law (Count VI) and the claims brought by Jean

---

[1] Specifically, Banana Boat® Kids Max Protect & Play™ Sunscreen Spray, Banana Boat®
Protective Dry Oil Clear Sunscreen Spray with Coconut Oil SPF 15, Banana Boat® Ultra Sport™
Clear Sunscreen Spray SPF 100, and Banana Boat® UltraMist® Deep Tanning Dry Oil Continuous
Clear Spray SPF 4.

based on Oregon law (Counts VII-X) were dismissed on grounds Zayas and Jean lack standing.[2]
(*See* ECF No. 144). Accordingly, Plaintiffs are asserting claims for unjust enrichment (Count III),
medical monitoring, violation of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA)
(Counts XI-XIII), and violation of the New York General Business Law (GBL) (Counts IV-V).
Plaintiffs seek to represent a nationwide class, as well as sub-classes in Florida and New York.
Defendants deny that the Products contain benzene and that its advertisement of the Products was
in any way unlawful.

### A.    **Claims of Plaintiffs**

Plaintiffs submit the following summary of their claims in this Action:

Plaintiffs' class action complaint is based on Defendants' deceptive and unfair trade
practices when it sold adulterated and misbranded products, resulting in Plaintiffs
suffering damages and/or Defendants being unjustly enriched. In March of 2021,
an analytical pharmacy, Valisure, tested a wide set of sunscreens, including Banana
Boat® products offered by Defendants, and discovered the presence of a
carcinogen, benzene. Benzene was found in several of the products offered by
Defendants despite its absence on an FDA list of acceptable active ingredients for
sunscreen, and despite the fact its danger to humans is well documented. Despite
its duty to disclose that the product contained or may contain benzene, Defendants
did not notify customers of the presence of benzene at any point while the products
were in the stream of interstate commerce. These actions are prohibited by federal
and state law.

Plaintiffs seek the Court to certify the class and sub-classes in this action and
appoint Plaintiffs' counsel as Class Counsel, and award Plaintiffs damages,
restitution, costs of litigation, and reasonable attorneys' fees. Plaintiffs demand a
Jury trial.

### B.    **Claims of Defendants**

Defendants submit the following summary of its defenses in this Action:

The Food and Drug Administration ("FDA") allows for trace amounts of benzene
in sunscreen products up to a concentration of 2 ppm. Valisure tested 19 bottles of
Banana Boat® products and found that 14 of the 19 Banana Boat® products tested
had zero benzene or tested lower than less than the 0.1 ppm lower limit of
quantitation. The remaining 5 bottles of Banana Boat® products tested well below

---

[2] For clarity, the Court held that Plaintiffs Algofi, Jean, and Zayas lacked standing. (ECF 144, p.
12).

the FDA's 2 ppm standard for benzene in the products. Despite all Banana Boat® products testing well below the FDA's standard, Plaintiffs allege that all Banana Boat® products are 'adulterated and misbranded' because the Product labels do not indicate that trace amounts of benzene *may be* present.  Defendants will move for summary judgment or oppose class certification by the applicable deadlines based on the following:

*First*, Plaintiffs lack Article III standing. Plaintiffs have no 'concrete and particularized injury' because they fail to allege that the products they purchased contained benzene. Plaintiffs also attempt to bring claims against involving products that they did not purchase and Valisure did not test.

*Second*, Plaintiffs' claims are preempted by the Food Drug and Cosmetic Act ("FDCA"), which authorizes the FDA to regulate, *inter alia*, the ingredients and labeling of nonprescription over-the-counter drugs, including 'safety' and 'efficacy' of the sunscreen Products at issue here.

*Third*, Plaintiffs lack commonality over the class, because Plaintiffs fail to allege that the products they purchased contained benzene.

*Fourth*, Plaintiffs cannot establish predominance or commonality because more than a *de minimus* amount of putative class members are unharmed.

*Fifth*, Plaintiffs are unable to provide a damages model capable of ascertaining harm on a classwide basis because the proposed damages model fails to sufficiently consider the benefit of the product outside of New York and Florida.

*Sixth*, Plaintiffs cannot establish predominance or commonality due to variations in consumer understanding of the at-issue labels.

*Seventh*, Plaintiffs cannot establish predominance or commonality because there is a variation in the amount of benzene present in the various purchased products, and therefore individualized evidence is needed in order to establish any individual putative class member purchased a product with a level of benzene present that is sufficient to establish the purported injury.

*Eighth*, Plaintiffs cannot establish commonality or predominance for the proposed nationwide class due to variations in the relevant state laws.

*Ninth*, Plaintiffs lack standing to assert claims arising under the laws of the states in which they do not reside, and the nationwide claims fail accordingly.

## IV.    <u>STATEMENT OF UNDISPUTED FACTS</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  At this time, the following material facts are

undisputed:

1.  Plaintiff Bryan Clinger is a resident and citizen of the State of Florida.

2.  Plaintiff Monica Barba is a resident and citizen of the State of Florida.

3.  Plaintiff Luis Chabla is a resident and citizen of the State of New York.

4.  Plaintiff Jessica Barton is a resident and citizen of the state of New York.

5.  Defendant Edgewell Personal Care Brands, LLC is a Delaware limited liability corporation having its principal place of business in Shelton, Connecticut.

6.  Defendant Edgewell Personal Care Brands, LLC distributes for retail sale various Banana Boat®-brand sunscreen products.

At this time, Plaintiffs and Defendants do not agree on any further undisputed facts. Pursuant to the Court's directive, the Parties will work together as the case progresses to identify any facts upon which they may agree in order to promote the "just, speedy, and inexpensive determination" of this Action.

## V.   CASE MANAGEMENT PLAN

Initial disclosures were made by plaintiffs Clinger and Barba on September 24, 2021 and by defendant Edgewell Personal Care Brands, LLC on October 11, 2021. Plaintiffs Chabla and Barton filed their initial disclosures on May 24, 2023. Defendants Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC and Defendant Sun Pharmaceuticals, LLC served their First Supplemental Disclosures to Plaintiffs on May 25, 2023.

### A.   Scheduling Conference

1.  The Parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.  The Parties prefer that a scheduling conference, if held, be conducted by phone or videoconference.

6

B.    **Early Settlement Conference**

1.     The Parties certify that in September 2021, they discussed and considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice  and concluded, at that time, that settlement was unlikely.  The parties revisited this issue during their conference on April 21, 2023.

2.     The Parties do not request an early settlement conference.

3.     The Parties prefer a settlement conference, when such conference is held, with the presiding judge.

4.     The Parties do not request a referral for alternative dispute resolution pursuant to Conn. L. Civ. R. 16.

D.    **Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

Plaintiffs do not anticipate any further amendment of the CAC at this time.

E.    Defendants' Answer was filed on April 10, 2023.

F.    **Discovery**

a)     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the Parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the Parties wish to apprise the Court of the following information regarding the "needs of the case":

i.     Plaintiffs' Position: Plaintiffs believe that a schedule for the case should be set at this time, and discovery should commence promptly.  On September 29, 2021, Plaintiffs served their First Interrogatories and First Request for Production of Documents on Defendant in *Clinger.*  Plaintiffs withdrew the written discovery (which have not been responded to) and served a new set of written discovery on **May 22,**

**2023**.

ii.        Defendant's Position:  Defendants' burden of responding to discovery will be significant and much greater than Plaintiffs' burden. This is a multi-state putative class action that purports to include "[a]ll natural persons residing in the United States who purchased the Products anywhere in the United States and its territories" in addition to sub-classes in New York and Florida. Doc. 89, at ¶¶ 139-140. These classes potentially consist of millions of consumers. Discovery in this case will involve many of Defendants' employees and enormous tranches of potentially responsive documents. The nature and scope of this action will require Defendants to create and implement a complex and arduous discovery process that will use both technologically-sophisticated tools and a substantial amount of manpower and legal resources, a time-consuming and expensive task. Defendants' specific burden in meeting its discovery obligations in this action is far greater than in most cases. For these reasons, Defendants may seek an order requiring Plaintiffs to share costs incurred to respond to discovery.

Plaintiffs' requests for production, which specify a "relevant time period" of more than ten (10) years for most requests for production, and no time period for the remaining requests for production, and which seek information and documents regarding the entire line of Banana Boat® sunscreen products, are overbroad, unduly burdensome, and not proportional to the needs of this case. For example, Plaintiffs request "[a]ll [d]ocuments [c]oncerning the manufacturing, testing, marketing, advertising, and/or regulatory compliance of the [entire line of Banana Boat] Product[s]" for the past ten-plus years. (Plaintiffs' First Request for Production of Documents, No. 18) This request alone will require the collection and review of tens of thousands of documents. Other requests for production are similarly overbroad and unduly burdensome (e.g., all

communications with any regulatory agency in the past twelve years (Document Request No. 36), all documents concerning Defendant's organizational structure, including documents identifying all employees (Document Request No. 9)). Defendants' counsel will, as required by Fed. R. Civ. P. 37(a)(1) and D. Conn L. Civ. R. 37(a), confer in good faith with Plaintiffs' counsel in an effort to narrow Plaintiffs' written discovery and/or defer the date by which Defendants must respond, but Defendants reserve the right to file a Motion to Limit Discovery if counsels' efforts to reach agreement as to the scope and timing of discovery fail.

b)     The Parties anticipate that discovery will be needed on the following subjects: (i) Plaintiffs' purchase of the Products at issue in the operative Complaint, including product identity, dates, and proof of purchase; (ii) testing performed by Defendants, Plaintiffs, or others; (iii) Defendant's advertising and Plaintiffs' reliance on same; (iv) Plaintiffs' communications and arrangements with Valisure regarding the purported testing of the Products; (v) any approval from the U.S. Food and Drug Administration regarding the manufacture and advertisement of the subject Products; (vi) the manufacturing process for the subject Products; and (vii) third-party discovery from Valisure, Boston Analytical, Inc., and the Yale Chemical and Biophysical Instrumentation Center.

c)     All discovery, excluding disclosures and depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), commenced by **May 25, 2023** and will be completed (not propounded) by **February 19, 2024**. The Parties endeavor to complete discovery as expeditiously as possible.

d)     Discovery will not be conducted in phases.

e)     If discovery will be conducted in phases, describe each phase and state the date by which it will be completed:  not applicable.

9

f)      The Parties anticipate that the Plaintiffs will require a total of ten (10) depositions of fact witnesses and that Defendant will require a total of ten (10) depositions of fact witnesses. The depositions commenced **May 25, 2023** and will be completed by **February 19, 2024**.

g)      The Parties will not request permission to serve more than 25 interrogatories.

h)      Plaintiffs intend to call expert witnesses at trial.  Defendants intend to call expert witnesses at trial.

i)      The Parties propose Plaintiffs designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **March 20, 2024**, and Defendants designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **April 19, 2024**. Depositions of all experts will be completed by **May 20, 2024**. The Parties respectfully submit that the complicated questions of law and fact in this national, putative class action require extending the discovery period for expert discovery beyond nine months after the filing of this Rule 26(f) Report.

j)      The Parties propose that a damages analysis will be provided by any party who has a claim or counterclaim for damages by **March 20, 2024**.

k)      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) has discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to

10

preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The Parties will submit a joint ESI proposal for entry by this Court, which will outline the particulars of the Parties' obligations relating to ESI and document production.

l)      Undersigned counsel (after consultation with their clients) has also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties have been unable to reach agreement on the procedures for the preservation, disclosure and management of such information. Following is the position of each party:  Plaintiffs' position is that Defendants should not be allowed to deviate from established principles set forth in the Federal Rules of Civil Procedure, the local rules of this District, applicable case law and all other applicable laws governing the rules of discovery, thus, there is simply no basis to seek to have Plaintiffs share the costs of production of discovery in this action. Defendant's position is that if discovery progresses, Defendant anticipates that the volume, organization and costs of retrieving paper and other non-electronic information could be significant and may request that Plaintiffs share the burden of such discovery.

m)      Undersigned counsel has discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties agree to the following procedures for asserting claims of privilege after production.  The Parties agree that the ESI protocol discussed *supra* will include a Rule 502 "clawback" provision.  The Parties also agree that they will submit a privilege log concurrent with their respective document productions.  The parties will submit a Protective Order to the Court for entry identifying the procedures governing the production and protection of confidential or privileged information and for asserting claims of privilege after production.

**G.      Other Scheduling Issues**

11

The Parties anticipate that a protective order will be required in this Action.

**H.      Dispositive Motions and Motion for Class Certification**

The Parties propose that any motion for class certification or summary judgment shall be filed by the dates set forth below and that the following schedules will govern the briefing of dispositive motions and motions for class certification:

**Class Certification**

Motion for class certification: **June 10, 2024**

Opposition to class certification: **July 18, 2024**

Reply in support of class certification:  **August 23, 2024**

**Summary Judgment**

Motions for summary judgment: 30 days after class certification decision

Oppositions to summary judgment: 45 days after motion for summary judgment

Replies in support of summary judgment: 30 days after opposition to summary judgment

If a dispositive motion is filed sooner than the deadlines set forth above, the response and reply deadlines shall be advanced accordingly.

**I.      Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **January 6, 2025 or 30 days after an order on all filed summary judgment motions, whichever is sooner**.

**VI.    TRIAL READINESS**

This case will be ready for trial by **January 20, 2025 or 14 days after the Joint Trial Memorandum, whichever is sooner**.

Respectfully submitted,

By: */s/ M. Ryan Casey*

SCOTT+SCOTT ATTORNEYS AT LAW LLP

Joseph P. Guglielmo (ct27481)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444
Fax: 212-223-6334
jguglielmo@scott-scott.com

and

MILSTEIN JACKSON FAIRCHILD &
WADE, LLP
Gillian L. Wade (pro hac vice)
gwade@mjfwlaw.com
Marc A. Castaneda (pro hac vice)
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

and

SHUB LAW FIRM LLC
Kevin Laukaitis
Jonathan Shub
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Telephone: (856) 772-7200
Facsimile:  (856) 210-9088
klaukaitis@shublawyers.com
jshub@shublawyers.com

and

LEVIN SEDRAN & BERMAN LLP
David C. Magagna Jr.
Charles E. Schaffer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
dmagagna@lfsblaw.com
cschaffer@lfsblaw.com

and

THE SULTZER LAW GROUP, P.C.

By: */s/ John W. Moticka*

John W. Moticka (admitted *pro hac vice*)
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri  63105-1821
Telephone: (314) 863-0800
Facsimile: (314) 863-9388
john.moticka@stinson.com

Megan A. McCurdy (admitted *pro hac vice*)
Ashley M. Crisafulli (admitted *pro hac vice*)
Ben Levin (admitted *pro hac vice*)
Emily Carney (admitted *pro hac vice*)
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri, 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
megan.mccurdy@stinson.com
ashley.crisafulli@stinson.com
ben.levin@stinson.com
emily.carney@stinson.com

Jonathan P. Whitcomb (ct15014)
Jonathan J. Kelson (ct26755)
Christina Volpe (ct30647)
DISERIO MARTIN O'CONNOR &
CASTIGLIONI, LLP
1010 Washington Blvd., Suite 800
Stamford, Connecticut 06901
Telephone: (203) 358-0800
jwhitcomb@dmoc.com
jkelson@dmoc.com
cvolpe@dmoc.com

**ATTORNEYS FOR
DEFENDANTS**

Jason P. Sultzer, Esq.
Daniel Markowitz, Esq.
Mindy Dolgoff, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel : (845) 483-7100
Fax : (888) 749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

CARNEY BATES & PULLIAM, PLLC
Hank Bates (pro hac vice)
hbates@cbplaw.com
Sam Jackson (pro hac vice)
sjackson@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

and

CASEY LAW FIRM, LLC
Ryan Casey (pro hac vice)
ryan@rcaseylaw.com
PO Box 4577
Frisco, CO 80443
Tel: (970) 372-6509
Fax: (970) 372-6482

Attorneys for Plaintiffs

**<u>Certificate of Service</u>**

I hereby certify that on this June 21, 2023, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

By: *<u>/s/ John W. Moticka</u>*

John W. Moticka (admitted *pro hac vice*)
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105-1821
Telephone: (314) 863-0800
Facsimile: (314) 863-9388
john.moticka@stinson.com