IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN CLINGER, *et al.*, individually and all behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, AND SUN PHARMACEUTICALS, LLC,<br><br>Defendants. | Case No. 3:21-cv-01040 (JAM) |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, and SUN PHARMACEUTICALS, LLC answer the following interrogatories fully and separately in writing and under oath within 30 days of service, and to serve your answers upon Gillian Wade, Milstein Jackson Fairchild & Wade LLP, 10990 Wilshire Blvd., 8th Floor, Los Angeles, CA 90024.

**DEFINITIONS**

1.  **"Concerning"** means comprising, consisting, containing, setting forth, showing, disclosing, describing, explaining, mentioning, evidencing, reflecting, embodying, summarizing, relating to, or referring to, directly or indirectly.

2.  **"Defendants," "You,"** and **"Your"** as used herein shall refer to Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Sun Pharmaceuticals, LLC and any of their parents, predecessors, other affiliates, successors, or subsidiaries, including officers, directors, employees, partners, agents, consultants, or any other Person acting or purporting to act on behalf of such entities.

3. **"Describe"** and/or **"Description"** means to state all facts known to You, Your attorneys, agents, officers and employees pertaining to the matters inquired about, including dates, the Identity of Persons with knowledge of the facts and Identity of any Documents, transactions, oral communications or other events related to such matters.

4. **"Document"** and/or **"Documents"** are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes Electronically Stored Information ("ESI").

5. **"Identify"** and/or **"Identity"** means to provide information, including but not limited to the following:

   a. when referring to an individual: (i) the individual's name and present or last known residence address; (ii) the individual's present or last known business address; (iii) the individual's present or last known occupation, title, and employer; (iv) the individual's present or last known personal and work email addresses; and (v) the individual's occupation, title, and employer at the time of the event inquired about in these interrogatories;

   b. when referring to a company, corporation, or other form of business organization: (i) its full legal name, address, and telephone number; and (ii) the full legal name, address, and telephone numbers of its known affiliates, predecessors, successors, parents, subsidiaries;

   c. when referring to a Document: (i) the type of Document (e.g., letter, inter-office memorandum, report, etc.); (ii) information sufficient to enable identification of the Document, including its date, the name of the addressees, the name of the signer or signers, author(s), the title or heading of the Document, and other appropriate identifying information; (iii) the Identity of the Persons to whom the original and all copies were sent; and (iv) the present or last known location or possessor of the original of the Document and of each copy thereof; and/or

    d. when referring to an oral communication or other event: (i) its substance; (ii) the date and time it occurred; (iii) the place it occurred (both sending and receiving, e.g., telephone conversation); (iv) the Identity of each sender and recipient, or each participant for each event; and (v) the Identity of each and all Persons present when the oral communication or event took place.

  6. **"Person"** and/or **"Persons"** means a natural person, firm, proprietorship, association, partnership, corporation, or any other type of organization or entity.

  7. **"Product"** collectively refers to Your 'Banana Boat' line of sunscreen products. If Your answer differs among the different items in the Product line, please be specific in Your answer.

  8. The terms **"and"** and **"or"** shall be interpreted to mean "and/or" and shall not be interpreted to exclude any information otherwise within the scope of any interrogatory.

  9. The use of the singular form of any word includes the plural and vice versa. The past tense includes the present tense and *vice versa*.

  10. Except as otherwise set forth in these "Definitions" and "Instructions", all other words utilized in these interrogatories are to be interpreted according to their normal and everyday usage.

## INSTRUCTIONS

1. The relevant time period for all interrogatories is July 28, 2011 to the present, unless a different time period is specified in the interrogatory.

2. For each interrogatory, if Your answer includes a modification at any point within the relevant time period, identify each modification, detail the modification made, and state the time at which the modification was completed.

3. If an objection is made to any interrogatory, You must still produce all information responsive to the interrogatory not subject to the objection. If the answer to the whole of the question is not known, so state, and answer the part known. If the answer to the question is only partly known, provide all responsive information known and specify in what respect the response is or may be incomplete due to partial lack of knowledge. If exact dates, amounts, or other figures or facts are not known, but You have information permitting You to make an approximate or estimated answer, please state such answer and indicate that it is an approximation or estimate because more precise information is not known or available to You. If Your answer is otherwise qualified in any particular way, set forth the exact nature and extent of the qualification.

4. If, in responding to the interrogatories, You claim there is any ambiguity in either a particular interrogatory or in a definition or an instruction applicable thereto, You shall not use such claim as a basis for refusing to respond, but You shall set forth as part of the response the language You deem ambiguous and the interpretation You chose or used in responding to the interrogatory.

5. If You exercise the option under Federal Rule of Civil Procedure 33 to produce business records in lieu of responding to any interrogatory, Identify each business record and provide the specific Bates numbers of such records containing the information in Your response to the interrogatory and produce such records, separated by interrogatory to which they respond.

6. If any responsive Document has been lost or destroyed, or transferred to a third party over whom You claim to lack control, please identify: (i) the Document by author, date, and

subject matter; (ii) the date and circumstances surrounding the loss, destruction, or transfer; (iii) the reason for the loss, destruction, or transfer; (iv) the Person or entity to whom transferred; (v) the present location of the Document; and (vi) the date and manner in which You can or may obtain the Document.

7. Where You object that an interrogatory is overly broad, burdensome, or oppressive, state facts or other evidence demonstrating the nature of the burden.

8. Whenever in these interrogatories You are asked to Identify or Describe a Document or information that is deemed by You to be properly withheld from production on the ground of privilege, You shall nevertheless provide a listing thereof by title or subject heading, date, author, addressee, and Person copied, including a statement of the statutory privilege asserted.

9. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients or other representatives of affiliated third parties.

10. If the individual who verifies the answers to the interrogatories does not have personal knowledge of the information contained in the answers, that individual shall, for each answer not verified by personal knowledge, Identify the individual or individuals from whom the information was obtained or, if the source of information is documentary, provide a full Description including but not limited to the location thereof.

11. Except when express reference is made to another paragraph, discovery request, or interrogatory, each interrogatory shall be construed independently and not with reference to any other interrogatory or discovery request previously served and/or responded to for the purpose of limitation.

12. It is requested that You, in responding to these interrogatories, state the interrogatory first and then follow the statement by either answer or objection in order that continuity may be maintained. It is further requested that for each answer given, the individual supplying that particular answer be Identified

along with the entity he or she represents, if any. If, however, one responding party is responsible for all answers or is the source of information Concerning the same, then so indicate at the outset of the answers and Identify that party.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Persons who oversee or are responsible for the manufacturing, testing, marketing, advertising, and/or regulatory compliance of the Product, noting their respective roles or responsibilities, as well as any changes over time.

### INTERROGATORY NO. 2

State whether benzene is or was used to manufacture the Product (or its ingredients or components), and, if so, whether the use of benzene is unavoidable to manufacture the Product.

### INTERROGATORY NO. 3

Describe when and how You became aware that benzene was present or may be present in the Product, extending beyond the relevant time period if necessary.

### INTERROGATORY NO. 4

Identify all Persons that became aware that benzene was present or may be present in the Product, and Describe the circumstances surrounding that knowledge.

### INTERROGATORY NO. 5

Describe Your efforts to identify the source of benzene in the Product, including but not limited to any hypothesis tested and conclusions reached, and Identify all Persons involved with those efforts.

### INTERROGATORY NO. 6

Describe and Identify any testing performed on the Product (e.g., batch testing) that detected the presence of benzene.

### INTERROGATORY NO. 7

Identify all iterations of the Product (by name, SPF, UPC, lot number, and expiration date) that: (a) contain benzene (and the amount of benzene detected); (b) were tested and shown *not* to contain benzene; (c) were not tested for the presence of benzene.

### INTERROGATORY NO. 8

Describe Your efforts and/or decisions to test for, reduce, avoid and/or eliminate benzene and/or impurities in the Product.

May 21, 2023                                          Respectfully submitted,

                                       **MILSTEIN JACKSON FAIRCHILD & WADE, LLP**

By:  */s/ Gillian L. Wade*
     Gillian L. Wade
     gwade@mjfwlaw.com
     Marc A. Castaneda
     mcastaneda@mjfwlaw.com
     10990 Wilshire Blvd., 8th Floor
     Los Angeles, CA 90024
     Tel: (310) 396-9600
     Fax: (310) 396-9635

     **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
     Joseph P. Guglielmo (ct27481)
     jguglielmo@scott-scott.com
     The Helmsley Building
     230 Park Avenue, 17th Floor New York, NY 10169
     Tel: 212-223-6444
     Fax: 212-223-6334

     **SHUB LAW FIRM LLC**
     Kevin Laukaitis
     Jonathan Shub
     134 Kings Highway E., 2nd Floor
     Haddonfield, NJ 08033
     Telephone: (856) 772-7200
     Facsimile: (856) 210-9088
     klaukaitis@shublawyers.com
     jshub@shublawyers.com

     **LEVIN SEDRAN & BERMAN LLP**
     David C. Magagna Jr.
     Charles E. Schaffer

510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
dmagagna@lfsblaw.com
cschaffer@lfsblaw.com

**THE SULTZER LAW GROUP, P.C.**
Jason P. Sultzer, Esq.
Daniel Markowitz, Esq.
Mindy Dolgoff, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

**CARNEY BATES & PULLIAM, PLLC**
Hank Bates (*pro hac vice*)
hbates@cbplaw.com
Sam Jackson (*pro hac vice*)
sjackson@cbplaw.com
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

**CASEY LAW FIRM, LLC**
Ryan Casey
ryan@rcaseylaw.com
PO Box 4577
Frisco, CO 80443
Tel: (970) 372-6509
Fax: (970) 372-6482

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiffs' First Set of Interrogatories to Defendants was served on all counsel of record in this proceeding by via electronic mean (by agreement) this 22nd day of May, 2023.

*/s/ Gillian L. Wade*
Gillian L. Wade

**SERVICE LIST**

Joseph P. Guglielmo
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444
Fax: 212-223-6334
jguglielmo@scott-scott.com

and

Gillian L. Wade
gwade@mjfwlaw.com
Marc A. Castaneda
mcastaneda@mjfwlaw.com
MILSTEIN JACKSON FAIRCHILD & WADE, LLP
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

and

Jonathan Shub
SHUB LAW FIRM LLC 1
34 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Telephone: (856) 772-7200
Facsimile: (856) 210-9088
klaukaitis@shublawyers.com
jshub@shublawyers.com

and

David C. Magagna Jr.
Charles E. Schaffer
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
dmagagna@lfsblaw.com
cschaffer@lfsblaw.com

and

John W. Moticka
STINSON LLP
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105-1821
Telephone: (314) 863-0800
Facsimile: (314) 863-9388
john.moticka@stinson.com

Megan A. McCurdy
Ashley M. Crisafulli
Ben Levin
Emily Carney
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri, 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
megan.mccurdy@stinson.com
ashley.crisafulli@stinson.com
ben.levin@stinson.com
emily.carney@stinson.com

Jonathan P. Whitcomb
Jonathan J. Kelson
Christina Volpe
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
1010 Washington Blvd., Suite 800
Stamford, Connecticut 06901
Telephone: (203) 358-0800
jwhitcomb@dmoc.com
jkelson@dmoc.com
cvolpe@dmoc.com

Jason P. Sultzer, Esq.
Daniel Markowitz, Esq.
Mindy Dolgoff, Esq.
THE SULTZER LAW GROUP, P.C.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel : (845) 483-7100
Fax : (888) 749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

and

Hank Bates
hbates@cbplaw.com
Sam Jackson
sjackson@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 West 7th St.
Little Rock, AR 72201
Telephone: 501.312.8500
Facsimile: 501.312.8505

and

Ryan Casey
CASEY LAW FIRM, LLC
ryan@rcaseylaw.com
PO Box 4577
Frisco, CO 80443
Tel: (970) 372-6509
Fax: (970) 372-6482